# UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

JOSE ACOSTA,

Plaintiff,

v.

J & T JUNCTION CORP dba KINGSBURG SINCLAIR aka J & T JUNCTION,

Defendant.

_/

Case No. 1:24-cv-01436-EGC

**FINDINGS AND RECOMMENDATIONS TO GRANT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

(Doc. 16)

_21-DAY DEADLINE

Clerk to Assign a District Judge

## I. INTRODUCTION

On August 19, 2026, Plaintiff Jose Acosta ("Plaintiff") filed a motion for default judgment against Defendant J & T Junction Corp, doing business as Kingsburg Sinclair, also known as J & T Junction ("Defendant"). (Doc. 16). No opposition to Plaintiff's motion was filed. The undersigned has reviewed the motion and supporting documentation and determines that the matter is suitable for decision without oral argument pursuant to Local Rule 230(g).[1] As such, the hearing on the motion set for September 30, 2026, will be vacated.

For the reasons set forth below, the undersigned will recommend that Plaintiff's motion for default judgment be granted in the amount of $7,635.27.

[1] This motion is referred to the undersigned by Local Rule 302(c)(19) for the entry of findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(B).

## II. FACTUAL BACKGROUND

On November 22, 2024, Plaintiff filed a complaint against named Defendant, pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213; the California Unruh Act, California Civil Code § 51 *et seq.*; and California Health & Safety Code §§ 19955, 19959. (Doc. 1). The Complaint seeks an award of statutory damages, prejudgment interest on the damages, costs of suit, attorney's fees, and injunctive relief. (*Id.* at 8). Plaintiff alleges that he requires the use of a wheelchair for mobility (*Id.* ¶ 8), and the property that is the subject of this suit, Kingsburg Sinclair aka J & T Junction (the "Property"), presents numerous architectural barriers that interfered with his ability to use and enjoy the goods, services, privileges, and accommodations offered at the Property. (Doc. 1 ¶ 10).

Defendant was served with the Complaint on January 6, 2025. (Doc. 4). Plaintiff requested the Clerk of Court to enter default against Defendant on April 14, 2026, which was entered that same day. (Docs. 6, 7).

On August 19, 2026, Plaintiff filed a motion for default judgment against Defendant, which is currently pending before the Court. (Doc. 16).

## III. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the entry of default by the clerk of the court under Rule 55(a). It is within the sole discretion of the court as to whether default judgment should be entered. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). A defendant's default by itself does not entitle a plaintiff to a court-ordered judgment. *See id.* Instead, the Ninth Circuit has determined a court should consider seven discretionary factors, often referred to as the "*Eitel* factors," before rendering a decision on default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). The *Eitel* factors include (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *See*

*id.*

A plaintiff is required to prove all damages sought in the complaint. *See Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1992). In addition, any relief sought may not be different in kind from, or exceed in amount, what is demanded in the complaint. Fed. R. Civ. P. 54(c). If the facts necessary to determine the damages are not contained in the complaint, or are legally insufficient, they will not be established by default. *See Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

Finally, once the court clerk enters a default, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages. *See Televideo Sys., Inc.*, 826 F.2d at 917.

**B. Analysis**

**1. The *Eitel* Factors Weigh in Favor of Granting a Default Judgment**

a. Possibility of Prejudice to Plaintiff

If default judgment is not entered, Plaintiff will effectively be denied a remedy until Defendant participates and makes an appearance in the litigation—which may never occur. Denying Plaintiff a means of recourse is, by itself, sufficient to meet the burden imposed by this factor. *See Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003) ("prejudice" exists where the plaintiff has no "recourse for recovery" other than default judgment). Therefore, Plaintiff would be prejudiced if the Court were to deny its motion. The undersigned finds that this factor weighs in favor of default judgment.

b. Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint

The next relevant *Eitel* factors include an evaluation of the merits of the substantive claims pled in the complaint as well as the general sufficiency of the complaint. In weighing these factors, courts evaluate whether the complaint is sufficient to state a claim that supports the relief sought. *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978); *see also DIRECTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.") (internal quotation marks omitted).

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability" in places of public accommodation. 42 U.S.C. § 12182(a). "Discrimination" is defined as a failure to remove "barriers . . . where such removal is readily achievable." *Id.* at § 12182(b)(2)(A)(iv); *see also Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011) (en banc). Where a barrier's removal is not "readily achievable," a public accommodation must make its facilities available through "alternative methods if such methods are readily achievable." 42 U.S.C. § 12182(b)(2)(A)(v).

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he or she] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her [or his] disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). Further, "[t]o succeed on an ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." *Parr v. L & L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000).

According to the complaint, Plaintiff is "substantially limited in his ability to walk, "must use a wheelchair for mobility," and he is thus "physically disabled" as defined by the applicable California and federal laws. (Doc. 1 ¶ 8). As a gas station, the Property is a facility of public accommodation, does not function as a residence, and its activity affects commerce. (Doc. 1 ¶¶ 9–10). Plaintiff alleges that Defendant owns, operates, or leases the Property; thus, he is liable for the Property's compliance with the ADA. (*Id.* 1 ¶ 7).

Plaintiff visited the Property on or about May 1, 2024, and alleges that Defendant failed to provide barrier-free access to the Property because there was no designated accessible parking stall and the route of travel to enter the store did not have a curb ramp, instead it only had a large step. (*Id.* ¶ 10).

Plaintiff alleges that the removal of this architectural barrier is readily achievable, or alternatively, the services could have been made available through other methods that were readily

achievable. (*Id.* ¶¶ 21–22). As these facts are taken as true regarding Defendant following entry of default, the undersigned finds that Plaintiff has met his burden of stating a *prima facie* Title III discrimination claim.

Pursuant to the Unruh Civil Rights Act, all persons are "entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal Civ. Code, § 51(b). Additionally, no business establishment of any kind whatsoever shall discriminate against any person in California on account of disability. Cal. Civ. Code, § 51.5. The Unruh Act also incorporates an individual's rights under the ADA by reference, such that a violation of the ADA also constitutes a violation of the Unruh Civil Rights Act. Cal. Civ. Code, § 51(f). Here, Plaintiff alleges that Defendant denied him full and equal accommodations, advantages, facilities, privileges and services in a business establishment based on his disability. (Doc. 1, ¶ 39). Further, because Plaintiff's complaint properly alleges a *prima facie* claim under the ADA, the undersigned finds that Plaintiff has also properly alleged facts establishing the necessary elements for an Unruh Civil Rights Act claim.

California Health and Safety Code, § 19955, mandates that all public accommodations constructed in California comply with the requirements of California Government Code, § 4450. Pursuant to Section 4450, "all buildings, structures, sidewalks, curbs, and related facilities, construed in this state by the use of state, county, or municipal funds, or the funds of any political subdivision of the state shall be accessible to and usable by persons with disabilities." Cal. Gov. Code, § 4450(a). Additionally, non-exempt public accommodations constructed prior to July 1, 1970, and later altered or structurally repaired, are required to comply with the same requirements of the California Health and Safety Code. Cal. Health & Safety Code, § 19959.

For purposes of pleading his claim, Plaintiff incorporates his prior allegations regarding the barrier he encountered at the Property, (Doc. 1 ¶ 43), and further alleges that the Property is a public accommodation "constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the [Property] was not exempt under the Health and Safety Code § 19956" (Doc. 1, ¶ 46). Although substantially boilerplate, the undersigned finds that this claim is sufficiently pled. *See Loskot v. D & K Spirits, LLC,* No. 2:10-

cv-0684-WBS-DAD, 2011 WL 567364 at *3 (E.D. Cal. Feb. 15, 2011) (noting that, although "plaintiff's complaint is largely boilerplate, it is sufficient to support the requested relief" under the ADA for purposes of default judgment). *See also Gutierrez v. Leng*, No. 1:14-CV-01027-WBS, 2015 WL 1498813, at *4 (E.D. Cal. Mar. 31, 2015) (same).

Accordingly, the undersigned finds that the complaint sufficiently states Plaintiff's claim under Title III of the ADA, the Unruh Civil Rights Act, and California Health and Safety Code, § 19955, and there appears to be merit to the substantive allegations. As such, the undersigned finds that these *Eitel* factors weigh in favor of default judgment.

c. The Sum of Money at Stake in the Action

The fourth *Eitel* factor, the sum of money at stake, weighs in favor of granting default judgment. Default judgment is disfavored when a large amount of money is involved or is unreasonable in light of the defendant's actions. *See Truong Giang Corp. v. Twinstar Tea Corp.*, No. C 06-03594-JSW, 2007 WL 1545173 at *12 (N.D. Cal. May 29, 2007). Here, Plaintiff is seeking a default judgment in the amount of $7,635.27, which includes attorney's fees and costs.[2] The undersigned finds that this is not a relatively large sum of money, nor does it appear unreasonable, subject to the deductions set forth below.

d. The Possibility of a Dispute Concerning the Material Facts

With regard to this factor, no genuine issues of material fact are likely to exist because the allegations in the complaint are taken as true, *Televideo Sys.*, 826 F.2d at 917–18, and Defendant has submitted nothing to contradict the well-pleaded allegations in the complaint. *See United Specialty Insurance Co. v. Saleh*, No. 1:16-cv-00632-DAD-MJS, 2016 WL 4434479, at *2 (E.D. Cal. Aug. 22, 2016) ("Inasmuch as default serves as an admission of Plaintiff's well-pled allegations of fact, it must be concluded that there is no dispute as to any material fact.") (internal citation omitted). Accordingly, the undersigned finds that this factor favors entry of default judgment.

e. Whether Default Was Due to Excusable Neglect

Defendant failed to file a responsive pleading or oppose Plaintiff's motion for default

---

[2] Plaintiff requests statutory damages in the amount of $4,000.00 and attorney's fees and costs in the amount of $3,682.00, for a total of $7,635.27. (Doc. 16-1 at 10).

judgment. The Court has no evidence before it establishing that Defendant's failure to participate in the litigation is due to excusable neglect. Thus, the undersigned finds that this factor weighs in favor of granting default judgment.

f. Policy Favoring Decision on the Merits

The final *Eitel* factor requires a court to take into account the policy that default judgments are disfavored because "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, "the policy favoring decisions on the merits does not weigh against entering default judgment where, as here, the Defendants' failure to appear has made a decision on the merits impossible at this juncture." *Arroyo v. J.S.T. LLC*, No. 1:18-CV-01682-DAD-SAB, 2019 WL 4877573, at *11 (E.D. Cal. Oct. 3, 2019), *report and recommendation adopted*, 2020 WL 32322 (E.D. Cal. Jan. 2, 2020). Accordingly, the undersigned finds that the seventh *Eitel* factor does not preclude default judgment.

In sum, six of the *Eitel* factors weigh in favor of default judgment, while the seventh factor does not weigh in favor—but does not preclude or weigh against—default judgment.

**2. Terms of the Judgment and Proof of Damages**

While analysis of the *Eitel* factors supports a default judgment, the undersigned also considers the proof of the damages and the terms of the judgment sought by Plaintiff.

a. Injunctive Relief

Plaintiff's Complaint and motion for default judgment seek an injunction requiring Defendant to make several changes and accommodations at the Property. (Doc. 1 at 8; Doc. 16-1 at 5–6). As the factual allegations in the complaint are taken as true, the undersigned finds that Plaintiff is entitled to injunctive relief as requested pursuant to both state and federal law. *See Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA—only injunctive relief is available for violations of Title III.").

b. Statutory Damages

The Unruh Civil Rights Act provides for, among other things, a minimum statutory damages amount of $4,000 per violation. Cal. Civ. Code § 52(a); *Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1133 (C.D. Cal. 2005) (the Unruh Act "provides for statutory damages up to a maximum of

three times the actual damages but no less than $4,000 for each instance of discrimination"). A violation of the ADA constitutes a violation of the Unruh Act. As such, Plaintiff asserts that he is entitled to $4,000 in statutory damages pursuant to the California Civil Code § 52(a). (Doc. 1 at 8; Doc. 16-1 at 6–7).

The undersigned finds that Plaintiff has sufficiently alleged facts indicating that he visited the Property on or about May 1, 2024, and encountered barriers that interfered with his ability to use and enjoy the goods, services, privileges, and accommodations offered at the Property. (Doc. 1 ¶¶ 10–11). Thus, the undersigned finds that Plaintiff is entitled to an award of $4,000 in statutory damages.

c. Attorney's Fees and Costs of Litigation

Pursuant to 42 U.S.C. § 12205, a party that prevails on claims brought under the ADA may recover reasonable attorney's fees and costs, in the court's discretion. California Civil Code, § 55, also provides for attorney's fees and costs for obtaining injunctive relief; section 54.3 provides fees for recovery of damages to enforce the "full and equal access" guaranteed to disabled persons by Section 54.1.

Attorney's fee awards are calculated using the lodestar method whereby the hours reasonably spent in the litigation are multiplied by a reasonable hourly rate. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013); *see also Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Ninth Circuit has explained the lodestar approach as follows:

> The lodestar/multiplier approach has two parts. First a court determines the "lodestar" amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. [*See D'Emanuele v. Montgomery Ward & Co., Inc.*, 904 F.2d 1379, 1383 (9th Cir. 1990); *Hensley v. Eckerhart*, 461 U.S. 424, 461 (1983)]. The party seeking an award of fees must submit evidence supporting the hours worked and the rates claimed. *See Hensley*, 461 U.S. at 433.
>
> A district court should exclude from the lodestar amount hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Id.* at 434. Second, a court may adjust the lodestar upward or downward using a "multiplier" based on factors not subsumed in the initial calculation of the lodestar. *See Blum v. Stenson*, 465 U.S. 886, 898-901 (1984) (reversing upward multiplier based on factors subsumed in the lodestar

> determination); *Hensley*, 461 U.S. at 434 n.9 (noting that courts may look at "results obtained" and other factors but should consider that many of these factors are subsumed in the lodestar calculation). The lodestar amount is presumptively the reasonable fee amount, and thus a multiplier may be used to adjust the lodestar amount upward or downward only in "'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings by the lower courts" that the lodestar amount is unreasonably low or unreasonably high. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (quoting *Blum*, 465 U.S. at 898-901); *Blum*, 465 U.S. at 897; *D'Emanuele*, 904 F.2d at 1384, 1386; *Cunningham v. County of Los Angeles*, 879 F.2d 481, 487 (9th Cir. 1989).

*Van Gerwin v. Guarantee Mut. Life Co.*, 214 F.3d 1041,1045 (9th Cir. 2000).

Here, Plaintiff seeks an award of $2,782.00 for total billable time spent on the case by the Moore Law Firm, as well as $853.27 for costs and litigation expenses. (Doc. 16-1 at 7–8). Specifically, Plaintiff requests (1) $1,770.00 for 5.9 hours of work expended by Tanya E. Moore, Esq., at an hourly rate of $300; (2) $1,012.00 for 8.8 hours spent by paralegal Whitney Law at an hourly of $115. (Doc. 16-1 at 8).

*i. Ms. Moore's Time Expended and Hourly Rate*

This Court has previously found $300.00 per hour to be a reasonable rate for Ms. Moore. *See*, *e.g.*, *Gilbert v. HBA Enterprises, Inc.*, No. 1:21-cv-01358-JLT-SAB, 2022 WL 2663761, at *17 (E.D. Cal. July 11, 2022). Further, in the context of cases alleging violations of the ADA, courts in this district have awarded fees ranging from $250.00 to $325.00 per hour within recent years. *See*, *e.g.*, *Cervantes v. Vargas*, No. 1:17-cv-00923-LJO-SKO, 2018 WL 2455615, at *7 (E.D. Cal. June 1, 2018) (awarding $275.00 per hour to attorney with nine years of experience and representation in 275 ADA actions); *Block v. Christian*, No. 1:16-cv-00650LJO-SKO, 2017 WL 5248402, at *4 (E.D. Cal. Nov. 13, 2017) (finding $325.00 per hour to be a reasonable hourly rate for an attorney with twenty-four years of experience in general litigation and twelve years working on ADA cases).

Regarding the 5.9 hours expended by Ms. Moore, the undersigned finds that the amounts claimed by Plaintiff are reasonable. *See Gonzalez*, 729 F.3d at 1202 ("The prevailing party has the burden of submitting billing records to establish that the number of hours it has requested are reasonable."); *see also Moore v. Chase*, No. 1:14-cv-01178-SKO, 2016 WL 3648949, at *4 (E.D. Cal. July 7, 2016) (citing *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210 (9th Cir. 1986)).

As it finds no basis to depart from the determination in the prior cases that an hourly rate of $300 for Ms. Moore is reasonable, the undersigned recommends that Plaintiff be awarded the sum

of $1,770.00 for work performed by Ms. Moore.

*ii. Ms. Law's Time Expended and Hourly Rate*

Plaintiff seeks compensation for 8.8 hours expended by paralegal Whitney Law at $115 per hour. (*See* Doc. 16-1 at 7–8). This Court has previously found that the requested rate of $115 per hour for paralegal Whitney Law was reasonable and appropriate for this local community. *See Trujillo v. Singh*, Case No. 1:16–cv–01640 LJO–EPG, 2017 WL 1831941, at *3 (E.D. Cal. May 8, 2017). The undersigned recommends therefore applying that hourly rate for the time expended by Ms. Law. *See Le*, 2018 WL 417263, at *6 (E.D. Cal. Jan. 16, 2018).

Regarding the number of hours expended by Ms. Law, the undersigned finds that the amounts claimed by Plaintiff are reasonable. Therefore, the undersigned recommends that Plaintiff be awarded the sum of $1,012.00 for work performed by Ms. Law.

*iii. Litigation Expenses and Costs*

Plaintiff seeks to recover costs in the amount of $858.27. (Doc. 16-1 at 8; Doc. 16-2. ¶¶ 16–22, 16-3 at 5–6). In Section 12205 of the ADA, Congress authorized a district court, in its discretion, to allow the prevailing party other than the United States to recover a reasonable attorney's fee, including litigation expenses and costs. 42 U.S.C. § 12205. Plaintiff seeks costs of $405.00 for filing fees; $160.04 for service expense; $226.20 for a consultant that completed investigation before filing the complaint; $62.03 in a LexisNexis invoice, and $5.00 for online research into the deed associated with the facility. (Doc. 16-2. ¶¶ 16–22; Doc. 16-3 at 4–5). The undersigned finds such costs, $858.27, have been reasonably expended in association with this litigation.

* * *

For the reasons set forth above, the undersigned recommends Plaintiff be awarded the following fees:

//

//

//

//

//

| Professional | Hourly Rate | Hours | Total |
|---|---|---|---|
| Ms. Tanya E. Moore | $300 | 5.9 | $1,770.00 |
| Ms. Whitney Law | $115 | 8.8 | $1,012.00 |
| | | **Total Fees** | $2,782.00 |

Additionally, Plaintiff should be awarded $858.27 for the costs of suit, and $4,000 in statutory damages. Thus, the total award of damages, fees, and costs (including the offset) recommended is $7,635.27.

**IV. RECOMMENDATION**

Based on consideration of the declarations, pleadings, and exhibits to the present motion, it is HEREBY ORDERED that the hearing on Plaintiff's motion for default judgement, (Doc. 16), set for September 30, 2026, is VACATED.

The undersigned further RECOMMENDS that:

1. Plaintiff's motion for default judgment, (Doc. 16), be GRANTED;
2. Judgment be entered in Plaintiff's favor and against Defendant J & T Junction Corp, doing business as Kingsburg Sinclair, also known as J & T Junction;
3. Plaintiff be granted injunctive relief;
4. Plaintiff be awarded statutory damages in the amount of $4,000;
5. Plaintiff be awarded attorney's fees in the amount of $1,770.00 (5.9 hours at $300 per hour), paralegal fees in the amount of $1,012.00 (8.8 hours at $115 per hour), and costs of suit in the amount of $858.27;

Plaintiff is HEREBY ORDERED to mail a copy of these findings and recommendations to Defendant J & T Junction Corp, doing business as Kingsburg Sinclair, also known as J & T Junction at his last known address and file with the Court proof of service within two (2) business days of the date of this order.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty-one (21) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be

captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

The Clerk of Court is hereby DIRECTED to assign a district judge.

IT IS SO ORDERED.

Dated: **September 4, 2026**

UNITED STATES MAGISTRATE JUDGE